IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas Charles Felton Jones, | ) | C.A. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| vs. | ) | |
| | ) | |
| Deputy Jonathan Cooper, Deputy James Berggrun, Deputy Charles Lancaster, Deputy John Thomas Edwards, and Sergeant Michael Kastner, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff above named, complaining of the Defendants herein, would respectfully show unto this Honorable Court and alleges as follows:

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C.A. §§ 1983, et seq., and the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and under the common law, the statutory law, and the Constitution of the State of South Carolina, against the Defendants.

2. Subject matter jurisdiction is conferred upon the Court by 28 U.S.C.A. §§1331, 1367 (a), (b), (c), (d), and 1343, and 28 U.S.C.A. §§ 2201 and 2202.

## PARTIES

3. Plaintiff, Thomas Charles Felton Jones, is a citizen and resident of Greenville County, South Carolina, and was at the time of the incident at issue in this case.

4. At all times mentioned in the Complaint, the Defendants were all acting under the color of state law as employees of Greenville County Sheriff's Office (hereinafter referred to as

"GCSO").  Deputy Jonathan Cooper (GCSO), Deputy James Berggrun (GCSO), Deputy Charles Lancaster (GCSO), Deputy John Thomas Edwards (GCSO), and Sergeant Michael Kastner were supervisors, administrators, and/or employees of the Greenville County Sheriff's Office (GCSO). At all relevant times hereinafter mentioned, these Defendants were acting individually as employees and/or administrators of the GCSO. Upon information and belief, these Defendants either had direct contact with the Plaintiff, had direct knowledge of the unsafe conditions present during the time period in question, had direct knowledge of the excessive risk of serious harm to the Plaintiff's health or safety, supervised other Defendants who had direct contact with the Plaintiff or had knowledge of the above, and/or made policy decisions that directly caused harm to the Plaintiff.

5. During the time period in question, the Plaintiff's constitutional rights were well established and well known to each of the Defendants listed above, including and not limited to, the Plaintiff's rights enumerated herein.

6. For purposes of the claims asserted under 42 U.S.C. § 1983, the Defendants are being sued in their individual capacity under the Color of State Law.

7. Upon information and belief, the Defendants were employees of the Greenville County Sheriff's office who had direct contact with the Plaintiff and had direct knowledge of the substantial risk to the Plaintiff's safety and health. The Defendants had the obligation and opportunity to protect the Plaintiff from physical harm. Additionally, during the time period in question, the Plaintiff's constitutional rights were well established and well known to the Defendants listed above. This would include, and not be limited to, the Plaintiff's right to due

process, right to be free from danger and right to be free from cruel and unusual punishment. These Defendants were deliberately indifferent to the safety of the Plaintiff by knowingly exposing the Plaintiff to a substantial risk to his physical safety. A more detailed description of their contact with the Plaintiff and knowledge of the substantial risks are set out below.

8. The allegations set forth in this Complaint occurred in Greenville County; therefore, venue is proper in this District.

## FACTUAL ALLEGATIONS

9. Employees and supervisors of the GCSO have a federal constitutional duty (under the Fourth and Fourteenth Amendment) to protect citizens from cruel and unusual punishment and to ensure that they receive due process prior to being punished. In this case, the Plaintiff is informed and believes that (a) he was unlawfully arrested at his residence; (b) unnecessary and excessive force were used during his unlawful arrest; and (c) his First Amendment rights were violated.

10. Employees and supervisors of the GCSO have a federal constitutional duty (under the Eighth Amendment) to protect citizens from violence at the hands of their coworkers. In this case, the Plaintiff is informed and believes that (a) the Defendants knew that the Plaintiff was exposed to a substantial risk of serious harm to his physical safety; (b) the Defendants consciously failed to take reasonable measures to abate the risk; and (c) the Plaintiff suffered serious injuries as a direct result thereof.

11. On or about July 21, 2018, at 1:30 a.m., the Plaintiff was on the property of his residence near 18 Lyncrest Street, Greenville, South Carolina, when Greenville County Sheriff's

Deputies, Officers Jonathan Cooper and Charles Lancaster stopped a friend of the Plaintiff's in his driveway for failure to use a turn signal as part of an "Aggressive Patrol" special operations task force that was employing "zero tolerance" policing in neighborhoods inhabited predominantly by minorities. Plaintiff came from the backyard of his residence to discern why his friend had been pulled over and began recording the event with his phone. The officers responded that the driver ran a stop sign and also had an issue with her license. Officer Lancaster radioed for backup assistance on the alleged basis that a crowd had formed in the street, but there was no crowd. Meanwhile, Officer Lancaster approached Plaintiff in an aggressive manner, instructing him to leave the scene, even though the scene was his residence. Plaintiff was told to "back up" or he would be arrested for interfering, but he was not told how far he was required to back up in order to avoid arrest.

12. Officers James Berggrun, Sgt. Michael Kastner, and Deputy John Thomas Edwards arrived on scene. The Plaintiff did back up, but apparently not as far as the Defendants wanted him to, so the entire aggressive patrol unit then rushed the Plaintiff. Plaintiff was beaten by the Defendants and pushed face down onto the ground in his front yard, where Deputy Cooper then discharged his taser onto Plaintiff rendering him unconscious. EMS was summoned to evaluate the Plaintiff before he was transported to the Greenville County Detention Center. The arrest of the Plaintiff was unlawful and the use of force by Greenville Sheriff's Deputies was unnecessary, excessive, and employed with malice.

13. The Plaintiff was never armed during the interaction and the Defendants have admitted they never perceived the Plaintiff to be armed. The Plaintiff never threatened physical

harm to the Defendants. The Defendants arrested and caused the initiation and prosecution of the Plaintiff because he asked them questions and filmed the Defendants' interaction with someone, all of which took place while the Plaintiff was standing in his front yard.

14. The Plaintiff's case was taken to trial, and he was acquitted of assaulting an officer, but was found guilty of "interfering with police." The state has admitted in briefing on appeal that the "interfering" charge as applied to the Plaintiff violated his First Amendment rights. See Exhibit A, Appellate Brief.

15. Attached hereto, and incorporated fully herein, are the deposition transcripts from the state court case. See Exhibit B, Deposition of Charles Jacob Lancaster; Exhibit C, Deposition of James Michael Berggrun; Exhibit D, Deposition of John Thomas Edwards; Exhibit E, Deposition of Jonathan Cooper; Exhibit F, Deposition of Michael Kastner.

**FOR A FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 (1st, 4th, and 14TH AMENDMENT)**

16. Each and every allegation of fact contained in the above stated paragraphs are re-alleged herein, as if re-stated verbatim.

17. The Defendants were acting under the color or pretense of State law, customs, practices, usage, and/or policy at all times mentioned herein as GCSO Deputies and/or supervisors of the GCSO and had certain duties imposed upon them with regard to Plaintiff. Additionally, during the time period in question, the Defendants were well-aware of the Plaintiff's constitutional rights, including his right to be free from excessive force, unlawful arrest, and his right to free speech. Defendants failed to act despite knowledge of a substantial risk of serious harm.

18.  The Defendants were consciously and deliberately indifferent to the Plaintiff and acted in an egregious and arbitrary manner during the time period mentioned in the facts in the following particulars:

  a) in unlawfully and maliciously arresting, detaining, imprisoning and prosecuting the Plaintiff;

  b) in causing the initiation and continuation of malicious prosecution of the Plaintiff in the absence of probable cause;

  c) in applying for an arrest warrant when a reasonable and well-trained officer in the Defendants' position would have known that the warrant affidavit failed to establish probable cause;

  d) in applying for a warrant with information that was false and included knowingly and intentionally, or with reckless disregard for the truth;

  e) in using excessive force;

  f) in violating the Plaintiff's right to free speech and to record law enforcement;

  g) in making the policy decision to "zero tolerance" law enforcement efforts on neighborhoods inhabited predominantly by minorities;

  h) in failing to properly train, monitor and supervise personnel, agents, and/or employees so as to ensure the safety of the public it encounters;

  i) in failing to have appropriate policies and protocols in place to provide for the safety and well-being of the Plaintiff;

  j) If such policies exist, in failing to follow the same;

  k) Failing to follow and adhere to applicable policies, standards, laws, and protocols;

  l) in failing to intervene to prevent the excessive force being employed on the Plaintiff;

  m) in failing to protect the Plaintiff from specific and known risk of harm; and

  n) in any other manner to be proved in discovery and trial.

19. All of these actions were carried out by the Defendants while acting under the color of state law, in violation of the Plaintiff's rights afforded by the First, Fourth, and Fourteenth Amendments to the United States Constitution. As a proximate result of the Defendants' unconstitutional conduct, the Plaintiff suffered damages.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff prays for the following relief:

1. That the Court declare that Defendants' practices complained of herein are unlawful under the United States Constitution and the law of South Carolina;

2. That the Court enter judgment in favor of Plaintiff and against Defendants for compensatory damages, with the exact amount of the damages to be determined by a jury and the interest to be determined by the Court;

3. That the Court enter judgment in favor of Plaintiff and against Defendants for punitive damages, with the exact amount of the damages to be determined by a jury;

4. That the costs of this action be taxed against Defendants;

5. That the Court award Plaintiff reasonable attorneys' fees as provided by 42 U.S.C. §1988;

6. That the Court grant Plaintiff a trial by a jury; and

7. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

          /s/ Kyle J. White
Kyle White (Fed. ID No. 11774)
White Davis and White Law Firm
209 East Calhoun Street
Post Office Box 1346
Anderson, SC 29621
Telephone: (864) 231-8090
kyle@wdwlawfirm.com

Anderson, South Carolina
July 21, 2021

Attorney for the Plaintiff