IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Thomas Charles Felton Jones, | ) | C.A. No.: 6:21-cv-02213-DCC-JDA |
| Plaintiff, | ) | |
| vs. | ) | |
| Deputy Jonathan Cooper, Deputy James Berggrun, Deputy Charles Lancaster, Deputy John Thomas Edwards, and Sergeant Michael Kastner, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE | ) | Civil Action No.: 2020-CP-23-03153 |
| Thomas Charles Felton Jones, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| Will Lewis in his Official Capacity as Sheriff of Greenville County, Hobart Lewis in his Official Capacity as Sheriff of Greenville County, Greenville County Sheriff's Office, Deputy Jonathan Cooper, Deputy James Berggrun, Deputy Charles Lancaster, Deputy John Thomas Edwards, and Sergeant Michael Kastner | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF JONATHAN WELSH**

1. I am over the age of eighteen (18) and am otherwise competent to provide this sworn statement under the penalty of perjury.

2. I swear and affirm that the statements contained herein are true and correct based upon my personal knowledge.

3. My name is Jonathan Welsh, and I believe I served on the jury for Thomas Jones' criminal trial.

4. I reached out to Mr. Jones' attorney, Kyle White, when I saw a news story regarding his civil case in the Greenville News.

5. I then shared my thoughts with Mr. White over the telephone and agreed to provide an affidavit outlining the thoughts I shared with Mr. White.

6. I paid close attention during the entire criminal trial, reviewed the entirety of the evidence, listened carefully to all of the testimony, and participated in deliberations. Several things of importance stood out to me.

7. The officers testified that they were out on patrol that night as part of some kind of enhanced policing unit.

8. In my opinion, at least one of the officers committed perjury on the stand by testifying that Mr. Jones tried to strike the officer, because the video footage clearly showed otherwise.

9. Another thing that stood out to me is the video footage showed the officer telling Mr. Jones to backup, and then only a few seconds later Mr. Jones was placed under arrest, and then almost immediately the situation escalated into Mr. Jones being physically manhandled by the officers. This was shocking to me. I kept picturing this happening to me or one of my loved ones. The force used on Mr. Jones was uncalled for and excessive.

10. I was, and still am, outraged at the way Mr. Jones was treated by the officers, especially on his own property.

11. In my opinion, Mr. Jones never should have been charged with a crime at all, nor should the Solicitor's Office ever brought this case to trial.

12. We found Mr. Jones not guilty on the charge of assaulting a police officer, because he clearly did not commit that crime. However, due to the vague nature of the interfering with police charge, and due to the fact that the law as written is extremely biased toward police officers, we felt forced to find Mr. Jones guilty on this charge.

13. I expressed my frustration to the solicitor's office and the Court following the trial about the fact that Mr. Jones was charged with and prosecuted for this crime.

14. I understand that Mr. Jones is appealing the conviction, and I hope that not only is his conviction overturned, but that this law is declared unconstitutional.

15. I have several friends who are law enforcement officers, and I have always had great respect for those friends and for law enforcement generally, but this interfering charge in my opinion gives law enforcement too much power to arrest someone when they aren't doing anything wrong. And while I am confident that the good officers, which I strongly believe, make up most of law enforcement, would not take advantage of this vague law to abuse members of the public, it gives the bad ones the opportunity to do so. The way this law was applied to Mr.

        Jones, and the way he was treated by those officers, was a prime example of how not to police (I actually expressed that exact sentiment to the court after the trial was completed).

16. I was saddened, angered, and disillusioned by the way Mr. Jones was treated, and I firmly believe that justice was not served in this case by Mr. Jones being found guilty of the interfering charge. I continue to feel these things to this day.

17. This affidavit was not drafted by me, but it was provided to me in such a way that I had the opportunity to make any changes I deemed necessary.

18. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment by contempt.

*/s/ Jonathan Welsh*
Jonathan Welsh